UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH R. LAX, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:02-CV-621RM |
| ) | |
| CIVIL CITY OF SOUTH BEND, et al., ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

At the final pretrial conference in this case, the court noted that because none of the parties had filed dispositive motions, the case appeared to contain many claims that would not be submitted to the jury for decision for want of support in the law. As a result, many witnesses and jurors face the prospect of wasted hours as the trial moves toward the conclusion of the plaintiff's case in chief.

On May 10, plaintiff Kenneth Lax, who represents himself, requested judgment on the pleadings under FED. R. CIV. P. 12(c), and also referred in the body of his paper to the summary judgment provisions of FED. R. CIV. P. 56. The time for dispositive motions passed long ago, but the court may allow Mr. Lax's untimely filing for good cause shown. FED. R. CIV. P. 16(b). Because dispositive motions will (a) allow the court to streamline this case in an orderly fashion, (b) reduce the length of trial and the inconvenience to witnesses by focusing the trial on allegations that state a claim on which relief can be granted and on which a genuine issue of material fact exists, and (c) allow Mr. Lax time to research legal arguments that may be raised against his claims rather than having to respond during trial to a motion for judgment at the conclusion of his case in chief, the court finds good cause for modifying the scheduling order to allow Mr. Lax to file his motion for judgment on the pleadings.

Allowing that filing requires vacating the scheduled May 16 trial to allow the defendants to respond. To better allow Mr. Lax to prepare his responsive paper the court also will allow the

defendants to file their own dispositive motions when responding to Mr. Lax's May 10 motion. Because the district rules set forth inconsistent briefing schedules for various types of dispositive motion, the court adopts the briefing schedule set forth below. Because the case has come so near to the trial date, the court does not anticipate enlargements of time for parties represented by counsel. Trial will be reset as soon as feasible following ruling on the dispositive motions.

For the foregoing reasons, the court:

1. MODIFIES the scheduling order to allow the plaintiff's May 10 filing of a dispositive motion and informs the parties the court intends to treat the plaintiff's May 10 filing as a motion for judgment on the pleadings under FED. R. CIV. P. 12(c) and/or for summary judgment under FED. R. CIV. P. 56;

2. GRANTS the defendants leave to file their own motions under FED. R. CIV. P. 12(c) and/or FED. R. CIV. P. 56, and reminds counsel of their obligations under Local Rule 56.1(e);

3. ADOPTS the following briefing schedule:

a. The defendants shall file their response to the plaintiff's May 10 motion, and any dispositive motions of their own, not later than June 14, 2005;

b. The plaintiff shall file his reply on his May 10 motion, and his response to any dispositive motions by defendants, not later than July 19, 2005; and

c. The defendants shall file any reply on their own dispositive motions not later than August 9, 2005.

4. VACATES the trial setting of May 16, 2005, with the trial to be rescheduled, if necessary, as soon as reasonably possible after the court's ruling on dispositive motions.

ENTERED:     May 12, 2005

                                          /s/ Robert L. Miller, Jr.
                                          Chief Judge
                                          United States District Court

cc:    K. Lax
        J. Broden, A. DeRose
        C. Zalas