UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KENNETH R. LAX, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:02-CV-621 RM |
| | ) | |
| R. L. MORTON, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

In its decision in this case, the court of appeals indicated that if this court deemed a submission insufficient, it could have asked for more detail. Lax v. City of South Bend, 449 F.3d 773, 774 (7th Cir. 2006). In accordance with that opinion, the court informs the parties that the proposed pretrial order that they submitted is inadequate, and must be modified before the court will proceed.

To begin with, the pretrial order indicates that two motions are pending. The court's review of the docket sheet reflects no pending motions. If either party believes any motion is pending, the court encourages that party to identify the motion by docket number.

The plaintiff's contentions are entirely inadequate. Mr. Lax attempts to refer to "his contentions presently filed in this court" without identifying the document in which those contentions might be found. Given how few papers have been filed in this court since the court of appeals affirmed all but one aspect of the court's summary judgment ruling, it seems likely that Mr. Lax is attempting to

incorporate contentions concerning claims that were disposed of through summary judgment. Perhaps he is not trying to do so, but it is his task to place his contentions before the court, not the court's task.

Mr. Lax complains that "the filing of any additional pleadings regarding the same is unnecessarily burdensome to plaintiff and in conflict with the express intent of the judicial system to resolve dispute between citizens expeditiously and with unnecessary expense to tax payers, also the courts time would be wasted as well with this unnecessary paper work." This position misses the mark on many levels. First, to the extent Mr. Lax disagrees with the wisdom of an order of the court, the remedy lies in a motion to reconsider or a motion for relief from the order — not in simple disobedience of the order. Second, the pretrial order fosters expeditious resolution of disputes without unnecessary expense and waste of time — not simply the time of the court and the parties, but also the time of the taxpayers who are summoned for duty.

The court orders the plaintiff to serve upon opposing counsel, for inclusion in the proposed pretrial order, a statement of his contentions, including a brief statement of the facts that he believes entitle him to relief, identification of the constitutional provision he believes the defendant violated, and a statement of the relief he seeks.

The court will reschedule the final pretrial conference to a date in the week of August 28 to allow preparation of an amended pretrial order.

2

The plaintiff's witness list appears to include persons who cannot have any relevant testimony to offer, but the court will address that at a rescheduled final pretrial conference. The plaintiff should be prepared to inform the court what he expects each listed witness to testify about.

The proposed pretrial order contains a list of twelve exhibits that the plaintiff might introduce. The source of that list is unclear in light of the absence of the plaintiff's signature on the proposed pretrial order. In his trial brief, Mr. Lax purports to rely on "his exhibits already filed in this proceeding," and objects — on the same grounds he argued concerning his contentions — to being required to submit any additional list. For the reasons already discussed with respect to the contentions, the court overrules that objection. If the proposed pretrial order incorporates an exhibit list prepared before the summary judgment ruling, it must be modified.

Many of these problems — perhaps all — could be addressed through an intensive final pretrial conference of one to three hours' duration. Such conferences are not uncommon in cases in which a party represents himself. The problems with this proposed pretrial order, though, do not flow from a litigant's misunderstanding of court procedures or from error through inadvertence. The court cannot afford the time to address these shortcomings in open court today; a criminal case is to be submitted to a jury, and time is required for another case's final pretrial conference — for which the parties prepared in good faith. Accordingly, the court:

1. VACATES today's final pretrial conference;

2. ORDERS the preparation of an amended pretrial order; and

3. ORDERS the plaintiff to serve upon opposing counsel, for inclusion in the proposed pretrial order, a statement of his contentions, including a brief statement of the facts he believes entitle him to relief, identification of the constitutional provision he believes the defendant violated, and a statement of the relief he seeks. The pretrial conference will be rescheduled in a separate order.

ENTERED:  August 24, 2006

  /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: K. Lax
C. Zalas, J. Groves

4