UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH R. LAX, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:02-CV-621 RM |
| ) | |
| R. L. MORTON, ) | |
| ) | |
| Defendant ) | |

OPINION and ORDER

At the conclusion of a two-day trial, the jury returned a verdict in favor of defendant Rick Morton and judgment was entered on September 7, 2006. On September 18, Kenneth Lax filed a "Motion to Set Aside the Verdict of the Jury," in which he argues that the jury's verdict was "unreliable and deprived [him] of a right to a fair trial" for a number of reasons. Before the court ruled on the motion, Mr. Lax filed his notice of appeal of the jury's verdict.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Wisconsin Mut. Ins. Co. v. United States, 441 F.3d 502, 504 (7th Cir. 2006) (*quoting* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). While a district court may act on certain matters after the filing of a notice of appeal, *see* FED. R. CIV. P. 60(a) (addressing correction of clerical errors in judgments or orders); Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995) ("district court may address

ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause"); Patzer v. Board of Regents of Univ. of Wisc. Sys., 763 F.2d 851, 859 (7th Cir. 1985) (notice of appeal doesn't affect court's power to act on petition for attorney fees), a district court may not address those issues involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. at 58; May v. Sheahan, 226 F.3d 876, 879 (7th Cir. 2000). Mr. Lax's request for relief – that the jury's verdict be set aside – is precisely the aspect of the case involved in his appeal. Once Mr. Lax filed his notice of appeal, the court was without jurisdiction to entertain his motion to set aside the verdict and, accordingly, his motion must be denied.

Mr. Lax has also filed a motion to proceed *in forma pauperis* on appeal. In his affidavit, Mr. Lax indicates he is employed, but doesn't provide any information about his salary or wages and his place of employment. Because the court cannot properly consider Mr. Lax's request to proceed *in forma pauperis* without the necessary financial information, his motion will be denied.

Based on the foregoing, Mr. Lax's motion to set aside the jury's verdict [docket # 218] is DENIED and his motion to proceed *in forma pauperis* on appeal [docket # 220] is DENIED.

SO ORDERED.


ENTERED:   October 12, 2006

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court